UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,       **AFFIDAVIT IN SUPPORT**
LOCAL 15, 15A, 15C and 15D, AFL-CIO by its TRUSTEES   **OF DEFAULT JUDGMENT**
JAMES T. CALLAHAN, WILLIAM H. HARDING,
LYNN A. MOUREY and ROBERT SHAW, and JOHN and      07-CIV-5575 (LTS) (THK)
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE,
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

                                Plaintiffs,

    -against-

HIRANI ENGINEERING & LAND SURVEYING, P.C.,

                                Defendant.
------------------------------------------------------------------X

       JAMES M. STEINBERG, being duly sworn, deposes and says:

       1.    I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C., attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and circumstances of this action.

       2.    I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York in support of the Plaintiffs' application for the entry of a default judgment against Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C.

       3.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") to recover delinquent fringe benefit contributions owed to the ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING

ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO (the "LOCAL 15 FRINGE BENEFIT FUNDS").

4. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

5. This action was commenced on June 11, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was served on Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C. on June 18, 2007, by a Process Server who personally served Ernie Bugarin, the Comptroller of Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C. Proof of said service was filed with the court on June 25, 2007 through the ECF System. (A copy of the Summons and Complaint, along with the Proof of Service is annexed hereto as Exhibit "A".)

6. On February 2, 2007 an audit was conducted of the Defendant's payroll records and a report subsequently issued on May 2, 2007, identifying a remaining outstanding fringe benefit deficiency as being owed to the LOCAL 15 FRINGE BENEFIT FUNDS in the amount of $6,709.73. (A copy of the audit report is annexed hereto as Exhibit "B".)

7. Despite the Plaintiffs' repeated demands that the deficiency be satisfied, no portion of the remaining scheduled deficiency has been collected from the Defendant and this amount remains outstanding.

8. As a result of the Defendant failing to satisfy the scheduled deficiency, and not otherwise answering nor otherwise moving against the Complaint, and that said Defendant's time to do so has expired, the Plaintiff LOCAL 15 FRINGE BENEFIT FUNDS respectfully request the monetary relief detailed hereafter as against said Defendant be ordered.

9. Plaintiffs suggest that they are entitled to damages as follows:

    (a) $6,709.73 in delinquent contributions due and owing to the LOCAL 15 FRINGE BENEFIT FUNDS in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(A);

    (b) $588.00 in interest on the principal sum of $6,709.73 calculated at the rate of 9.25% per year, running from August 1, 2006 through July 11, 2007 in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(B) which prescribes that interest shall accrue at the rate provided under the Plan or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code. Herein, the Plans provide for an interest rate of 1% over the prime rate which is currently 8.25%;

    (c) $588.00 in statutory damages on the principal sum of $6,709.73 calculated at the rate of 9.25% in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii);

    (d) $1,638.75 in attorneys' fees in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

    (e) $415.00 in costs and disbursements in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D).

Amounting in all to $9,939.48, as shown by the annexed Statement of Damages, which is justly due and owing, and no part of which has been paid except as therein set forth.

10. The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

11. The statutory damages identified herein are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii) and attorneys' fees are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(D).

12. The sum of $1,638.75 represents my law firm's charges to the client, the LOCAL 15 FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are billed at $285.00 per hour.

13. On daily time sheets I detail the specific services I perform on behalf of the client which includes: the date of an activity; the specific activity or activities engaged in; the initials

identifying the person that performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "C" is a synopsis of the legal services performed on behalf of this client).

14.  I have reviewed Exhibit "C" and it accurately reflects the expenditure of my time r in this case. In fact, the total number of hours expended by us on behalf of the Plaintiffs is recorded on Exhibit "C" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

15.  A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows: James M. Steinberg, 5.75 hours *times* $285.00 = $1,638.75.

16.  I hereby submit that the services for which I seek compensation were reasonable and necessary under the circumstances. I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

(a)  The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);

(b)  The Defendant's clear and inexcusable culpability in this matter;

(c)  The amount to be paid in attorneys' fees is reasonable;

(d)  The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendant's clear and intentional disregard of its contractual and legal responsibilities; and

(e)  The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

17. The relief sought herein has not previously been requested and this motion is filed in accordance with Your Honor's Order dated July 10, 2007.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C.

JAMES M. STEINBERG

Sworn to before me this
11th day of July, 2007

Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 2009