EXHIBIT "A"

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO et al.

V.

Hirani Engineering & Land Surveying, P.C.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CIV. 5575**

TO: (Name and address of defendant)

Hirani Engineering & Land Surveying, P.C.
47 Mineola Boulevard
Mineola, New York 11501

JUDGE SWAIN

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BRADY McGUIRE & STEINBERG, P.C.
603 WARBURTON AVENUE
HASTINGS-ON-HUDSON, NEW YORK 10706

an answer to the complaint which is herewith served upon you, within ____Twenty (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon
CLERK

(BY) DEPUTY CLERK

JUN 12 2007
DATE

STATE NO: 
COURT: UNITED STATES DIST COURT SOUTHERN DISTRICT   Filed: 6/11/2007

Plaintiff(s)/Petitioner(s): THE ANNUITY, PENSION, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO

Defendant(s)/Respondent(s): HIRANI ENGINEERING & LAND SURVEYING, P.C.

STATE OF NEW YORK
COUNTY OF: WESTCHESTER                                                                    SS.

The undersigned deponent, being duly sworn deposes and say that said deponent is not a party to this action, is over 18 years of age and resides in the State of NEW YORK   Deponent served the within process as follows:

Process Served: SUMMONS AND COMPLAINT

Party Served: HIRANI ENGINEERING & LAND SURVEYING, P.C.

At Location: 47 MINEOLA BLVD.

MINEOLA, NY 11501

Date of Service: 6-18-07          Time of service: 12:57 PM

☑ Check boxes that apply to this service:

☐ #1, INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

☑ #2, CORPORATION — By delivering to and leaving with ERNIE BUGARIN and that deponent knew the person so served to be the COMPTROLLER/ACCOUNTANT of the corporation and authorized to accept service..

☐ #3, SUITABLE AGE PERSON — By delivering to and leaving with _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

☐ #4, AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

☐ #5, MAILING COPY — On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____

☐ #6, NON-SERVICE — After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown Address  [ ] Evading  [ ] Moved left no forwarding  [ ] Address does not exist  [ ] Other _____

☑ #7, DESCRIPTION — A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: M   Color of Skin: YELLOW   Color of Hair: GRAY   Age: 55   Height: 6'
Weight: 200   Other Features: Glasses & moustache

☐ #8, WITNESS FEES — $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

☐ #9, MILITARY SERVICE — Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed _____ was not.

Sworn to before me on June 21, 2007

GAIL WILLIAMS
Notary Public, State of New York
Qual...
Commission...
2010

Amir Levy

Gail Williams

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, WILLIAM H. HARDING,
LYNN A. MOUREY and ROBERT SHAW, and JOHN and
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

COMPLAINT

07-CIV-

07 CIV. 5575

Plaintiffs,

-against-

HIRANI ENGINEERING & LAND SURVEYING, P.C.,

JUDGE SWAIN

Defendant.
-----------------------------------------------------------------X


FILED
JUN 1 1 2007
USDC WP SDNY

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed to multi-employer/employee fringe benefit trust funds.

**JURISDICTION**

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO ("LOCAL 15") are administered in the County of New York, State of New York at 265 West 14th Street, City and County of New York, State of New York.

## THE PARTIES

4. The LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 15 TRUST FUNDS maintain the subject plans at offices located at 265 West 14th Street, New York, New York 10011.

5. JAMES T. CALLAHAN, WILLIAM H. HARDING, LYNN A. MOUREY and ROBERT SHAW are Trustees of the LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 15 TRUST FUNDS also operate as the administrative representative of the Central Pension Fund of the International Union of Operating Engineers responsible for the collection of defined pension benefit contributions owed by entities maintaining collective bargaining agreements with LOCAL 15.

7. The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

8. The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1)

of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical, vacation and other benefits to the employees of contributing employers.

9. JOHN and JANE DOE are beneficiaries of the LOCAL 15 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

10. The LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

11. Upon information and belief, Defendant, HIRANI ENGINEERING & LAND SURVEYING, P.C. ("HIRANI ENGINEERING") was and still is a New York corporation, with its principal place of business located at 47 Mineola Boulevard, Mineola, New York 11501.

12. Upon information and belief, HIRANI ENGINEERING was and still is a foreign corporation duly licensed to do business in the State of New York.

13. Upon information and belief, HIRANI ENGINEERING was and still is a foreign corporation doing business in the State of New York.

14. Upon information and belief, HIRANI ENGINEERING is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 14 inclusive, with the same force and effect as though more fully set forth at length herein.

16. At all relevant times, HIRANI ENGINEERING agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 15 known as the "City Surveyors and Consulting Engineers Agreement" (hereinafter the "Collective Bargaining Agreement").

17. In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, the Defendant consented to the performance of an audit of HIRANI ENGINEERING'S books and records to determine whether the Defendant had made all of its required fringe benefit contributions to the LOCAL 15 TRUST FUNDS in accordance with the Collective Bargaining Agreement on behalf of the members of LOCAL 15 within its employ for the period of August 1, 2003 through July 31, 2006.

18. That on or about May 2, 2007, the results of said audit were detailed by the Plaintiff's auditor which determined that the Defendant had failed to provide the contractually required fringe benefit contributions for the members of LOCAL 15 in its employ for the period of August 1, 2003 through July 31, 2006 in the amount of $6,709.73.

19. Upon information and belief, HIRANI ENGINEERING has failed to make the contractually required fringe benefit contributions to the LOCAL 15 TRUST FUNDS for the period of August 1, 2003 through July 31, 2006 in the amount of $6,709.73 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

20. Upon information and belief, HIRANI ENGINEERING may owe additional contributions for the period of August 1, 2006 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of August 1, 2006 through Present cannot be determined because the Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

21. Despite repeated efforts by the LOCAL 15 TRUST FUNDS to collect the contributions owed, HIRANI ENGINEERING remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to the LOCAL 15 TRUST FUNDS as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23. Accordingly, as a direct and proximate result of HIRANI ENGINEERING'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant HIRANI ENGINEERING is liable to the Plaintiffs in the amount of no less than $6,709.73 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive, with the same force and effect as though more fully set forth at length herein.

25. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 15 TRUST FUNDS and the CENTRAL PENSION FUND based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS and the CENTRAL PENSION FUND.

26. Under the terms of the LOCAL 15 TRUST FUNDS' Agreements, the CENTRAL PENSION FUND'S Trust Fund Agreement, State law and ERISA, Plaintiffs are entitled to audit HIRANI ENGINEERING'S books and records.

27. Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of August 1, 2006 through Present.

28. Plaintiffs therefore demand an audit of HIRANI ENGINEERING'S books and records.

WHEREFORE, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C., in the amount of contributions determined to be due and owing to the Funds of $6,709.73, plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment, together with:

    a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.  Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.  Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1.  An order requiring Defendant HIRANI ENGINEERING & LAND SURVEYING, P.C. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.  Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       June 4, 2007

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
Attorneys for Plaintiffs
603 Warburton Avenue
Hastings-on-Hudson, New York 10706
(914) 478-4293